UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

PATRICK BYRNE,

       Plaintiff,

v.

ADVANCE-ESTHETIC LLC,
a Florida Corporation, and
KOSTIANTYN SUICHMEZ, individually,

       Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, PATRICK BYRNE, by and through his undersigned counsel, and sues the Defendants, ADVANCE-ESTHETIC LLC (hereinafter, referred to as "AE"), and KOSTIANTYN SUICHMEZ individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiff was a non-exempt employee hired by the Defendants on an hourly basis, but the Defendants willfully refused to compensate the Plaintiff for time and one half for each hour worked in excess of forty (40) hours per work week, as required under Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this

1

judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, KOSTIANTYN SUICHMEZ individually, acted directly in the interests of his employer, the Defendant, AE, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, AE, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, AE, Defendant has been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.[1]

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. That on or about January of 2022, the Plaintiff, PATRICK BYRNES was hired as a non-exempt employee by the Defendants.

---

[1] A Plaintiff "need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his." Ceant v. Aventura Limousine, Inc., 874 F. Supp. 2d 1373, 1378–79 (S.D. Fla. 2012); see Daniel v. Pizza Zone, Inc., 2008 WL 793660, at *2 (M.D.Fla. 2008) ("bare bones allegations" of gross sales are acceptable; requiring more would only encourage "gross speculation" from the plaintiff and would "not provide the defendant with meaningful information because the defendant already has [ ] such information") (citation omitted). Pleading that a defendant's "gross annual revenues meet this threshold on 'information and belief,'…is enough." Id.; Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *2 (M.D.Fla. 2012) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); Roberts, 2010 WL 114001, at *3 (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal); cf. Vierra v. Sage Dining Servs., Inc., 2010 WL 4867557, at *3 (M.D.Fla. 2010) ("[Plaintiff] failed to allege that it is her belief that [defendant] grossed an annual volume of at least $500,000.").

2

10.     During his employment, Defendants had Plaintiff, a non-exempt employee under the FLSA, work for Defendants in excess of forty (40) hours per week. However, the Defendants willfully refused to compensate the Plaintiff for time and one half for each hour worked in excess of forty (40) hours per work week, as required by the FLSA.

11.     Specifically, Plaintiff worked 60 hours per week, but would not be paid overtime premiums.

12.     As a result, taking his 60 hours per week, that would equate to 20 hours of overtime per week.

13.     Taking the $24 per hour rate, the overtime premium is $36.00, which $720.00 per week in overtime premiums.

14.     From January-June of 2022, Plaintiff is owed $18,720.00 in overtime.

15.     Additionally, Plaintiff was to be paid $10.00 per review on Facebook and Google, which totals $700.00 for his 70 reviews.

## COUNT I
## FLSA – AE

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint.

16.     That Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

17.     That by reason of the intentional, willful and unlawful acts of the Defendant, AE, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, PATRICK BYRNE, demands judgment against the Defendant, AE, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA –KOSTIANTYN SUICHMEZ

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint.

18. That Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

19. That by reason of the intentional, willful and unlawful acts of the Defendant, KOSTIANTYN SUICHMEZ, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff PATRICK BYRNE, demands judgment against the Defendant, KOSTIANTYN SUICHMEZ, individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## UNPAID WAGES/FLORIDA STATUTES 448.08 --AE

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint.

20. Defendant, AE, as alleged herein and above, has wrongfully withheld unpaid wages owed to the Plaintiff for social media reviews.

21. As a result of Defendant's wrongful withholding of the Plaintiff's wages, the Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, PATRICK BYRNE, demands judgment against the Defendant, AE, for all unpaid wages, costs, reasonable attorney fees pursuant to Florida Statutes 448.08, as well as any other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, PATRICK BYRNE, demands trial by jury.

Dated: September 8, 2022.　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　Law Offices of Levy & Levy, P.A.
　　　　　　　　　　　　　　　　　1000 Sawgrass Corporate Parkway, Suite 588
　　　　　　　　　　　　　　　　　Sunrise, Florida 33323
　　　　　　　　　　　　　　　　　Telephone: (954) 763-5722
　　　　　　　　　　　　　　　　　Facsimile: (954) 763-5723
　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　*/s/ Chad Levy*
　　　　　　　　　　　　　　　　　CHAD E. LEVY, ESQ.
　　　　　　　　　　　　　　　　　chad@levylevylaw.com
　　　　　　　　　　　　　　　　　Secondary: assistant@levylevylaw.com
　　　　　　　　　　　　　　　　　F.B.N.: 0851701
　　　　　　　　　　　　　　　　　DAVID M. COZAD, ESQ.
　　　　　　　　　　　　　　　　　david@levylevylaw.com
　　　　　　　　　　　　　　　　　F.B.N.: 333920